# FLOYD E. STURDIVANT and DIANE S. STURDIVANT, Plaintiffs

## v.

# UNITED STATES OF AMERICA, Defendant

Civil No. 79/168

District Court of the Virgin Islands

Div. of St. Croix

April 10, 1980

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

DOUGLAS R. SCHWARTZ, ESQ., Assistant United States Attorney, Christiansted, St. Croix, V.I., *for defendant*

MARC E. ALBERT, ESQ., Assistant United States Attorney (Tax Division, United States Department of Justice), Washington, D.C., *for defendant*

ZIEGLER, *Judge By Special Assignment*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This is an action by plaintiffs to recover income taxes paid to the United States for calendar year 1975. Plaintiffs (Mr. and Mrs. Sturdivant) contend that as residents of Puerto Rico during that tax year their income was fully taxable by the Commonwealth of Puerto Rico, and should not have been subject to taxation by the United States. This matter is now before the Court on motion of defendant to dismiss for lack of subject matter jurisdiction. The motion will be granted for the reasons set forth herein.

## I. FACTUAL BACKGROUND

### A. PLAINTIFFS

Plaintiffs are married, calendar year, cash method taxpayers who filed a joint return for 1975. They were residents of Puerto Rico during all or part of that year.[1] All or part of plaintiffs' joint income was earned in Puerto Rico[2], and plaintiffs paid $5,969.33 in income taxes to the Commonwealth of Puerto Rico for that year. In addition,

---

[1] The complaint does not expressly state whether plaintiffs were full or part-time residents of Puerto Rico in 1975, although to succeed on the merits plaintiffs would be required to prove that they resided in Puerto Rico for the entire year. Plaintiffs' 1975 Puerto Rican income tax return states that plaintiffs' residence on the island did not commence until 15 January 1975.

[2] The complaint recites that all of plaintiffs' joint income was earned in Puerto Rico. This appears to conflict with Mrs. Sturdivant's 1975 wage and tax statement (Form W-2) which shows that she earned $361.73 from a professional medical corporation in Tulsa, Oklahoma. Mr. Sturdivant reported $28,601.59 in wages paid by a U.S. corporation with substantial operations in Puerto Rico. No other income was reported.

380

$4,445.70 in withholding taxes was deducted from plaintiffs' wages by the United States.

## B. PLAINTIFFS' 1975 TAX RETURN

Plaintiffs' 1975 federal income tax was prepared without professional assistance. Briefly, plaintiffs' tax computations were as follows:

| | | |
|---|---|---|
| GROSS INCOME | | $28,963.32 |
| MOVING EXPENSE Adjustment (IRC Sec. 217(a))[3] | (4,792.40) | |
| ADJUSTED GROSS INCOME | | $24,170.92 |
| STANDARD DEDUCTION (IRC Sec. 141(b)(1)) | (2,600.00) | |
| PERSONAL EXEMPTIONS (IRC Sec. 151(b)) | (1,500.00) | |
| TAXABLE INCOME | | $20,070.92 |
| TAX WITHHELD | | $ 4,445.70 |
| TAX IMPOSED (IRC Sec. 1) | (4,402.69) | |
| PERSONAL EXEMPTION CREDIT (IRC Sec. 42(a)) | (60.00) | |
| FOREIGN TAX CREDIT (IRC Secs. 33, 901, 904) | (4,342.69) | |
| TOTAL TAX | | - 0 - |
| REFUND CLAIMED | | $ 4,445.70 |

Plaintiffs received only part of the refund claimed for 1975. In 1977 they were assessed additional taxes for 1975. These taxes were collected involuntarily from plaintiffs' 1979 wages. It appears that

[3] All references to the Internal Revenue Code are to those provisions in effect on 31 December 1975.

the reduction of the claimed refund and the additional assessment were due to two factors:

(1) disallowance of plaintiffs' standard deduction;[4] and

(2) disallowance of plaintiffs' moving expense adjustment.[5]

Significantly, plaintiffs were allowed the foreign tax credit claimed.[6]

After first being notified in 1977 that additional taxes were due for 1975, plaintiffs corresponded with the I.R.S. regarding the deficiency. In the course of this communication plaintiffs expressed their feeling that all federal income taxes collected from them for 1975 should have been refunded because their entire income had been taxed by Puerto Rico. In none of the correspondence before the Court did plaintiffs claim to have been residents of Puerto Rico during all of 1975. Rather, the letters sent by plaintiffs merely stated in general terms that their income had been subject to double taxation and that all taxes paid to the U.S. should be returned to them. It does not appear that plaintiffs attempted to file an amended return for 1975.

## C. COMPLAINT

In contrast to plaintiffs' 1975 tax return, the complaint bases its claim on the theory that plaintiffs were residents of Puerto Rico during the entire taxable year and, thus, were entitled to exclude all income derived from sources within Puerto Rico pursuant to IRC Sec. 933(1).

## D. DEFENDANT'S MOTION

■ Defendant has moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to IRC Sec. 7422(a) which

---

[4] Under IRC Sec. 36, an individual taxpayer may not receive the benefits of both the standard deduction (IRC Sec. 144) *and* a foreign tax credit (IRC Sec. 33).

[5] The record is silent as to the basis for disallowance of the moving expense adjustment.

[6] Although the record is not clear on this point, it appears that the tax credit was not recomputed following disallowance of the standard deduction and the moving expense adjustment. Under IRC Sections 33 and 901, plaintiffs were eligible for a maximum tax credit of $5,969.33 (the amount of income taxes paid to the Commonwealth of Puerto Rico) subject to the limitations of IRC Sec. 904. Under Sec. 904, the limit is computed as follows:

$$\text{limit} = \frac{\text{foreign taxable income} \times \text{U.S. tax}}{\text{total taxable income}}$$

As can be seen from this equation, any increase in U.S. taxes yields an increase in the limit of the foreign tax credit in the same proportion as foreign taxable income bears to total taxable income. Note that under IRC Sec. 904(c) "taxable income" for individuals is computed without deduction for personal exemptions.

provides that no suit for the recovery of taxes paid can be maintained "until a claim for a refund or credit has been duly filed" with the I.R.S. In construing this provision, courts have generally considered it jurisdictional in nature, i.e., courts lack jurisdiction over any claim for taxes paid to the United States "except upon grounds reasonably encompassed by the claim for refund as originally filed or properly amended." Hempt Bros., Inc. v. United States, 354 F.Supp. 1172, 1182 (M.D. Pa. 1973).

The question now before the Court is whether plaintiffs' claim for a refund as set forth in their complaint was ever properly presented to the I.R.S.

## II. DISCUSSION

Because the Commonwealth of Puerto Rico is fiscally autonomous, income derived by an individual citizen of the United States from a source within Puerto Rico is given special treatment for purposes of taxation by the United States. One is entitled to exclude all Puerto Rican income from "gross income" under IRC Sec. 933:

(1) if one is a "bona fide resident of Puerto Rico during the entire taxable year"; or

(2) if one is "an individual citizen of the United States who has been a bona fide resident of Puerto Rico for a period of at least two years before the date on which he changes his residence from Puerto Rico," if he changes his residence from Puerto Rico during the taxable year.

In all other cases, persons receiving income and paying taxes within Puerto Rico are entitled to the foreign tax credit provisions of IRC Sections 33, 901 and 904.

In their 1975 income tax return, plaintiffs claimed the benefits of the foreign tax credit provisions. Indeed, all available evidence submitted with their return tends to support the position that this was the proper tax treatment to be accorded their Puerto Rican income.[7] In their subsequent correspondence with the I.R.S. concerning the deficiency assessed in 1977, plaintiffs did not expressly claim to have been residents of Puerto Rico during all of 1975 (and, thus, entitled to exclude their Puerto Rican income). Nevertheless, this is the basis upon which they now seek to recover their 1975 taxes in this action. Because the plaintiffs failed to present their claim in the proper form to the I.R.S. on the grounds now asserted in this action, this Court lacks jurisdiction.

---

[7] See footnote 1, supra.

383

## III. FURTHER ADMINISTRATIVE REMEDIES

██ ██ Despite the fact that this action must be dismissed, plaintiffs do not lack further avenue of relief. If as plaintiffs now contend, they were residents of Puerto Rico during all of 1975, they may still submit an amended tax return to the I.R.S. for recovery of taxes paid in 1979 for tax year 1975.[8] If, however, plaintiffs were not residents of Puerto Rico during the entire taxable year, they may submit an amended return for recomputation of their foreign tax credit with respect to all taxes paid for 1975.[9]

Because further administrative proceedings appear to be in order, dismissal of this action will be without prejudice.

## ORDER

For the reasons set forth in the memorandum opinion of this date, it is hereby

ORDERED:

That plaintiffs' complaint herein be, and is hereby, DISMISSED without prejudice.

---

[8] The applicable statute of limitations appears to be two years from the time such taxes were paid. IRC Sec. 6511(a).

[9] The applicable statute of limitations is ten years. IRC Sec. 6511(d)(3).